IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER E. ILES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 04 C 3757 ) |
| RALPH SWANK, JR., STUART O. SWANK, MICHAEL C. DEININGER, ROGER J. SWARAT and DARRYL SWANK, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roger Iles brought this action against defendants Ralph Swank, Jr., Stuart Swank, Darryl Swank, Michael Deininger, and Roger Swarat, alleging violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); the Securities and Exchange Commission's Rule 10b-5, 17 CFR § 240.10b-5; and section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2); as well as common law and state statutory claims. Defendants now move to dismiss the claims through three separate motions. For the following reasons, Swarat's motion is denied and the other two motions are granted.

## BACKGROUND

The following facts, taken from plaintiff's amended complaint, are for purposes of these motions accepted as true. Plaintiff resides in Waukegan, Illinois, where he is president of Carriage Auto Body, a business specializing in automobile collision repair. Defendants were officers of Statewide Holding Company, also located in Waukegan. Statewide Holding's only asset was Statewide Insurance Company, of which defendants were also officers and

employees. Plaintiff developed a relationship with Statewide Insurance through his course of business, as he often performed estimates and repair work for car owners insured by the company. Plaintiff was also insured by Statewide Insurance. Due to his business relationship with Statewide Insurance, plaintiff came to know and trust defendants.

In spring 1991, defendants marketed subordinated debentures in Statewide Holding to plaintiff. He invested $100,000 and was issued Debenture No. 101 on May 23, 1991. In April 1992, Statewide Insurance informed plaintiff that it intended to redeem its debenture, but told him he could reinvest in a new subordinated debenture at a lower rate of return. Plaintiff renewed his $100,000 investment. Defendants urged plaintiff to purchase more subordinated debentures in the fall of 1995, which he did on December 1, 1995. Plaintiff invested $50,000 more and was issued five debentures for $10,000 each. Plaintiff renewed his $100,000 investment two more times on June 1, 1996 and on June 1, 2001. He renewed his $50,000 investment on December 1, 2000.

Plaintiff alleges that at the time of his initial investments, and his subsequent renewals, defendants failed to provide him with a prospectus and failed to disclose a number of material facts. According to plaintiff, defendants did not inform him that the investment was in Statewide Holding, not in Statewide Insurance; that Statewide Insurance was Statewide Holding's only asset; and that the debentures were unregistered securities. Defendants also allegedly failed to inform plaintiff of the obligations to which the debentures were subordinate and of the financial condition of Statewide Holding. In promoting the debentures to plaintiff, defendants Ralph Swank, Jr. and Darryl Swank "intimated" that business was good and investments in Statewide Insurance were sound.

Plaintiff first learned of Statewide Holding's financial difficulties in December 2003,

when he did not receive his biannual dividends for the debentures. He learned that despite defendants' alleged assurances, Statewide Insurance was in serious financial trouble and had sought bankruptcy protection. Plaintiff states that at the time defendants made their material misrepresentations and omissions, they knew they were false, or showed reckless disregard as to their truth, and they intended that plaintiff rely on the misrepresentations and omissions. Plaintiff filed a complaint in this district on June 1, 2004. On August 30, 2004, he filed an amended complaint adding Darryl Swank as a defendant, and adding the state law claims.

## DISCUSSION

Defendants Ralph Swank, Jr. and Michael Deininger filed a motion to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6). Defendants Stuart Swank and Darryl Swank filed a motion to dismiss, adopting Ralph Swank's and Deininger's arguments for dismissal. Roger Swarat also filed a separate motion seeking to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, seeking to transfer the case to the Northern District of Alabama. We will discuss the defendants' arguments in turn to the extent necessary.

Defendants first argue that plaintiff may not base any of his claims on four of the six alleged investments with defendants because they are time-barred under the relevant statutes of limitations. We need not address the statute of limitations for each claim, because plaintiff clarifies in his response that his claims are based only on his two most recent investments on December 1, 2000 and June 1, 2001. Plaintiff explains that the other transactions were described only to provide background history for his claims. He further concedes that Count II, for violation of section 12(2) of the Securities Act of 1933 (Securities Act), 15 U.S.C. § 77l(a)(2), can only arise from his June 1, 2001, investment. Plaintiff's section 12(2) claim is

governed by 15 U.S.C. § 77m, which requires an action to be brought within three years of the violation of the Securities Act. As plaintiff's first complaint was filed on June 1, 2004, no claim can rest on acts that occurred prior to June 1, 2001.

The parties disagree regarding the applicable statute of limitations for Count V – violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.* Defendants argue that, as with the Securities Act, a three-year statute of limitations applies, limiting plaintiff's claim to only his most recent investment on June 1, 2001. Plaintiff acknowledges the ICFA's three-year time limit, but contends that the "discovery rule" applies, extending the time period in which he can bring his claim. The discovery rule delays the running of the statute of limitations "until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." Hermitage Corp. v. Contractors Adjustment Co., 166 Ill.2d 72, 77, 651 N.E.2d 1132, 1135 (Ill. 1995). Several Illinois courts have applied the discovery rule to ICFA claims. *See e.g.*, Bradley v. Alpine Construction Co., 224 Ill.App.3d 432, 435, 586 N.E.2d 653, 655 (1st Dist. 1991); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994). Plaintiff asserts that he learned of his injury and defendants' fraud in December 2003, thus under the discovery rule his ICFA claim arising from the December 2000 and June 2001 investments would not have been time-barred until December 2006.

Defendants Darryl and Stuart Swank also argue that the statute of limitations bars plaintiff's claims arising under section 10(b) of the Securities Exchange Act of 1934 (Securities Exchange Act) and Rule 10b-5, as they relate to some of the transactions. They argue that under 15 U.S.C. 78i(e) plaintiff must bring these claims within one year of learning of his injury and at most three years from the occurrence of the actions giving rise to the claims.

<u>Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.</u>, 192 F.Supp.2d 852, 859-60 (N.D.Ill. 2002)(citing <u>Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson</u>, 501 U.S. 350, 364 (1991)). Darryl and Stuart Swank's argument fails for the reason pointed out by their co-defendants – section 804 of the Sarbanes-Oxley Act of 2002, amended 28 U.S.C. § 1658, to provide that "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities law, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of - - (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." Plaintiff's section 10(b) and Rule 10b-5 claims arising from the December 2000 and June 2001 investments are claims of fraud concerning the securities law, thus the two-year and five-year limitations apply. *See e.g.*, <u>Lawrence E. Jaffe Pension Plan v. Household International Inc.</u>, 2004 WL 574665 at *11 (N.D.Ill. 2004); <u>Friedman v. Rayovac Corp.</u>, 295 F.Supp.2d 957, 974-75 (W.D.Wis. 2003). Allegations as to both events can be brought against both Darryl and Stuart because even the amended complaint was filed within two years of plaintiff learning of the injury and within five years of the investments.

Defendant Darryl Swank brings one final argument regarding the statute of limitations. He contends that Count II, for violation of section 12(2) is wholly time-barred against him since he was not added to the action until the amended complaint was filed on August 30, 2004. As discussed above, plaintiff's section 12(2) claim has a three-year statute of limitations. Darryl Swank was not added to the action until more than three years had past since the most recent events giving rise to the claim. Given that the claim against Darryl Swank does not relate back to plaintiff's first complaint, the section 12(2) claim against Darryl is barred by the

statute of limitations.

We now address defendants' other arguments. Defendant Swarat argues that the court lacks subject matter jurisdiction to hear plaintiff's claims because the Securities Exchange Act does not apply to the debentures at issue for two reasons. First, he maintains that since the debentures were issued and delivered in Illinois, and were not sold through interstate commerce, the Act does not apply. Second, he contends that an exemption under the Act for securities issued by insurance companies applies to the debentures. Both arguments fail.

Swarat does not cite to any case law to support his contentions. Section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j(b), prohibits the use of a "manipulative or deceptive device or contrivance" through "any instrumentality of interstate commerce or of the mails" in the purchase or sale of a security, whether registered on a national securities exchange or not. Rule 10b-5 promulgated under section 10(b) of the Act makes it unlawful for any person using means of interstate commerce or the mail, to defraud, make an untrue statement of material fact or omit a statement of material fact that is necessary to make statements already made not misleading, or to engage in any act, practice or course of business that operates as a fraud or deceit in the purchase or sale of any security. 17 CFR § 240.10b-5. Section 12(2) of the Securities Act of 1933 likewise applies to the sale of securities through the use of any means or instruments of communication in interstate commerce or the mail. 15 U.S.C. § 77l. Plaintiff's claims concern unregistered securities that were sold using the mail and possibly other means of communication used in interstate commerce, such as the telephone. Thus, there is no reason to believe that these statutes do not apply simply because the debentures were issued and delivered within the State of Illinois.

Nor are the statutes inapplicable due to an insurance exemption. Swarat cites 15 U.S.C.

§ 78l(g)(2)(G) for the proposition that since the debentures were issued by a holding company whose only alleged asset was an insurance company, the debentures are exempt from the provisions of the Securities and Exchange Act. Section 78l prohibits transactions involving securities on a national securities exchange unless the security has been registered in accordance with the provisions provided. The subsection cited by Swarat exempts issuers of certain securities from registering their securities under certain conditions. Thus, it is not apparent how this subsection is even applicable to plaintiff's claims. Even if it is applicable, the insurance exemption does not apply to the alleged debentures because it applies only to a "security issued by an insurance company." Plaintiff's claims rest in part on the contention that the debentures were not issued by an insurance company but by a holding company, a fact that defendants allegedly failed to make clear before selling the debentures.

Swarat also argues that even if the court has jurisdiction, the venue is improper because it imposes an undue financial and personal hardship on him. Under 28 U.S.C. § 1404, the court may transfer an action to another district or division when (1) venue is proper in both the transferor and transferee courts; (2) transfer is convenient to the parties and witnesses; and (3) transfer is in the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The party seeking transfer must show that the transferee forum is the more convenient forum. Id. at 219-220. Factors considered when weighing the convenience of the forum are: "(1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their ability to bear the expense of litigation in a particular forum" Armstrong v. Bigley, 2004 WL 2108653 at *2 (N.D.Ill. 2004)(citing

Georgouses v. NaTec Resources, Inc., 963 F.Supp. 728, 730 (N.D.Ill. 1997)). None of these factors supports a transfer of venue. Plaintiff's choice of venue is Illinois, where all the relevant events took place and where the sources of proof and witnesses most likely reside. Despite any inconvenience to Swarat, a resident of Alabama, the current venue is more convenient to the parties, on whole, since four out of the six parties reside in Illinois.

Next, defendants argue that all of the plaintiff's claims fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b) and therefore should be dismissed. Rule 9(b) requires that all claims of fraud or mistake be plead with particularity. The rule serves to protect defendants' reputations from harm, minimize "strike suits" and "fishing expeditions," and provide notice of the basis for the claim to defendants. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 777 (7th Cir. 1994). It clearly applies to plaintiff's claims for violation of section 10(b) of the Securities Exchange Act, see Tomera v. Galt, 511 F.2d 504, 508 (7th Cir. 1975)(" Rule 9(b) governs the pleading of section 10(b) and rule 10b-5 claims.") *overruled on other grounds by* Short v. Belleville Shoe Manufacturing Co., 908 F.2d 1385 (7th Cir. 1990), common law fraud, violation of the ICFA, see Scibetta v. Rehtmeyer, Inc., 2005 WL 331559 at *3 (N.D.Ill. 2005), and civil conspiracy to defraud. Defendants assert that Rule 9(b) also applies to Counts II and III. Without much explanation, the Seventh Circuit has found that claims pursuant to section 12(2) of the Securities Act must be plead with particularity. Sears v. Likens, 912 F.2d 889, 892-93 (7th Cir. 1990); Cathedral Trading, LLC v. Chicago Board Options Exchange, 199 F.Supp.2d 851, 858 (N.D.Ill. 2002). Given that plaintiff alleges that defendants are liable under section 12(2) of the Act because they "knowingly or recklessly made misrepresentations and omissions," the pleading requirement for fraud is applicable. However, the heightened pleading standard does not

apply to plaintiff's negligent misrepresentation claim, as it does not allege recklessness or fraudulent intent on the part of the defendants. Scibetta, 2005 WL 331559 at *4.

The Seventh Circuit has stated that Rule 9(b) requires the plaintiff to plead the circumstances of the fraud in detail: "This means the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941 (1990). Plaintiff does not provide these details as to the circumstances underlying his fraud claims. In his allegations concerning the 2000 and 2001 investments (the only relevant investments), plaintiff asserts that defendants induced him to make the investments without "providing [him] with any financial information concerning Statewide, without distinguishing Statewide from Statewide Insurance Co. and without providing [him] with a prospectus." Plaintiff also alleges that Ralph Swank, Jr. and Darryl Swank contacted him, encouraging him to invest, and "intimating" that the investment in Statewide Insurance was a good investment. He contends that this was a misrepresentation, considering Statewide Insurance had been in financial difficulty for years. Plaintiff's complaint continues, stating that "Iles reasonably relied on Defendants' material misrepresentations and omission regarding the nature, risk and unregistered status of the securities in deciding to renew/purchase debentures in 2001."

Though plaintiff repeatedly mentions defendants' material misrepresentations and omissions in his complaint, he does not provide any detail regarding these misrepresentations and omissions. The closest he comes to fleshing out details is in his allegation that two defendants, Ralph and Darryl Swank, intimated that Statewide Insurance Company was a good investment. Yet, even this allegation does not allege what each defendant said, nor when they said it within this twelve-year course of events. As alleged, defendants' intimations do not

appear to concern a material fact, but rather an opinion that the debentures were a good investment. The complaint's repeated treatment of all defendants as a whole, without attributing any specific misrepresentations to specific defendants, fails to satisfy the rigors of Rule 9(b). *See* Fishman v. Meinen, 2003 WL 444223 at *6 (N.D.Ill. 2003)(citing Sears v. Likens, 912 F.2d at 893).

In his response to defendants' motions to dismiss, plaintiff focuses on his allegations of defendants' omissions. But these allegations are also insufficiently plead. In order to base his fraud claims on defendants' omissions, the defendants must owe plaintiff a duty of disclosure. This duty can arise from prior statements by defendants that are rendered misleading by their omission. Anderson v. Abbott Laboratories, 140 F. Supp.2d 894, 903 (N.D.Ill. 2001). However, plaintiff does not allege with particularity any representations by defendants that were rendered fraudulent due to omissions. Nor do defendants have the general duty to disclose that arises in insider trading actions. *Id.* at 909-10 ("An insider's duty to disclose is not 'transferable to the securities fraud claim against the corporate defendant or the individual defendants.'"). Rather, plaintiff appears to allege that all defendants owed him a duty due to the relationship he developed with Statewide Insurance, where defendants were officers and employees. A duty to disclose material facts regarding a securities transaction can arise from "a relationship of trust and confidence between parties to a transaction." Chiarella v. U.S., 445 U.S. 222, 230 (1980). Yet, as with plaintiff's allegations concerning defendants' misrepresentations, the complaint does not distinguish between defendants when alleging their duty to disclose the omitted facts, nor does it provide the detail required by Rule 9(b) when alleging the circumstances giving rise to defendants' duty. Plaintiff's fraud-based claims are dismissed for failure to plead with particularity in accordance with Rule 9(b).

This leaves Count III, for negligent misrepresentation. To state a claim for negligent misrepresentation a plaintiff must allege "(1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by defendant; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; (5) damage to the other party resulting from such reliance; and (6) duty owed by defendant to plaintiff to communicate accurate information." Weisblatt v. Chicago Bar Association, 292 Ill.App.3d 48, 58, 684 N.E.2d 984, 990 (1st Dist. 1997). Plaintiff alleges all of these elements. He claims that defendants made false statements regarding the financial condition of Statewide, the expected return on the debentures, and the identity of the issuer. He further contends that despite defendants' duty to plaintiff, they were negligent in determining the truth of their statements and they intended for plaintiff to rely on the statements, which he did, resulting in damages. While these allegations would not satisfy the more demanding requirements of pleading under Rule 9(b), they do satisfy the requirements of notice pleading – alerting defendants to the claim against them.

However, our analysis of this claim does not end there. The Illinois Supreme Court significantly limited the ability to seek purely economic damages through tort actions in Moorman Manufacturing Co. v. National Tank Co., 91 Ill.2d 69, 435 N.E.2d 443 (Ill. 1982). In Moorman, the plaintiff brought a claim for misrepresentation against the manufacturer of a grain storage tank that developed a crack ten years after its purchase. *Id.* at 73. The court held that the plaintiff could not bring an innocent misrepresentation claim against the defendant for economic damages. *Id.* at 91. The court further stated that while economic loss is recoverable for intentional false representations, only those "in the business of supplying information for the guidance of others" could be held liable for economic loss resulting from

negligent representations. *Id.* at 88-89; *compare with* <u>Board of Education of City of Chicago v. A, C and S, Inc.</u>, 131 Ill.2d 428, 546 N.E.2d 580 (Ill. 1989)(holding that negligent misrepresentation claims are not limited to those who are in the business of supplying information when physical injury is alleged). Thus, a real estate broker who supplies information to customers, <u>Richmond v. Blair</u>, 142 Ill.App.3d 251, 257, 488 N.E.2d 563, 567 (1st Dist. 1985), or a bank that profits from supplying other institutions with its customers' credit information, <u>DuQuoin State Bank v. Norris City State Bank</u>, 230 Ill.App.3d 177, 185, 595 N.E.2d 678, 682 (5th Dist. 1992), can be held liable for negligent misrepresentations because each is in the business of providing information. However, a party that provides information, not as a separate industry, but in association with the sale of a product cannot be sued for subsequent economic damages on the basis of negligent misrepresentation. *Id.* at 183-84.

Nothing in the complaint gives rise to an inference that defendants were in the business of providing the information at issue. Defendants allegedly made the misrepresentations, which resulted in plaintiff's economic loss, in conjunction with the sale of a financial product – the debentures. Thus, under <u>Moorman</u>, defendants are not subject to a negligent misrepresentation claim. 91 Ill.2d at 89; <u>Rosenstein v. Standard & Poor's Corp.</u>, 264 Ill.App.3d 818, 823, 636 N.E.2d 665, 668 (1st Dist. 1993).

In the event plaintiff chooses to re-plead his fraud claims, he should remain cognizant of the events that can give rise to the various claims given the statutes of limitations. He should also take note of defendants' argument regarding the knowledge with which he is chargeable. Plaintiff cannot base a fraud or misrepresentation claim on information that is known to him or that could have been discovered from a reasonable inquiry, such as information found in

the signed debenture itself[1] or information due upon simple inquiry. *See e.g.*, <u>Williams v. Chicago Osteopathic Health Systems</u>, 274 Ill.App.3d 1039, 1052, 654 N.E.2d 613, 622 (1st Dist. 1995).

## CONCLUSION

Defendant Swarat's motion to dismiss is denied. The remaining defendants' motions to dismiss are granted. Counts I, II, IV, V and VI are dismissed pursuant to Rule 9(b) for failure to plead with particularity. Count III is dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint within 21 days.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

March 18, 2005.

---

[1] Though we did not consider it for purposes of this motion because it was not attached to the complaint, an alleged copy of one of the relevant debentures was provided to the court. It clearly stated that the issuer was Statewide Holding Co.